United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM CORDELL,

Plaintiff,

v.

PICC LINES PLUS LLC, et al.,

Defendants.

Case No.  16-cv-01814-TEH

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND DENYING DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT**

This matter came before the Court on August 29, 2016 for a hearing on Defendants' Motion to Dismiss and Motion to Strike Plaintiff's Amended Complaint. Docket No. 19. After carefully considering the parties' written and oral arguments, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss for the reasons set forth below. The Court also DENIES Defendants' Motion to Strike.

**BACKGROUND**

Plaintiff William Cordell, a resident of California, started working for Defendant Picc Lines Plus LLC as a nurse in October 2014. First Am. Compl. ("FAC") ¶¶ 4, 7. Picc Lines Plus is a company with a principal place of business in Florida. *Id*. ¶ 6. Plaintiff alleges that he worked at the company as an employee at-will until May 23 or 24, 2015, when he was terminated. *Id.* ¶ 19. His job entailed inserting peripherally inserted central catheters ("piccs") into hospital patients. *Id.* ¶ 10.

Plaintiff claims that Defendant Scottie Steinberg, a resident of Florida, was the owner of Picc Lines Plus. *Id.* ¶ 9. In this role, Steinberg hired and fired nurses who worked for Picc Lines Plus, authorized payment of their wages, and dispatched nurses to hospitals where their services were needed. *Id*. Defendants Steinberg and Picc Lines Plus supplied

Plaintiff with medical equipment and a company car that he used for travel in between hospitals. *Id.* ¶ 12.

Plaintiff alleges that during his work for Defendants he was subjected to hostile behavior by Steinberg. *Id.* ¶ 14. Steinberg allegedly sent Plaintiff repetitive text messages falsely accusing him of spending excessive money on gas and causing damage to the company car, calling one of Plaintiff's co-workers "dick head" and the hospital employees "assholes," as well as threatening Plaintiff's co-workers. *Id.* Steinberg continued to accuse and threaten Plaintiff via text messages even after Plaintiff was terminated. *Id.* ¶ 20.

Plaintiff allegedly reported to Peter Doskey, Steinberg's business partner, that Plaintiff was not being paid properly, was not receiving pay statements, and was improperly considered an independent contractor. *Id.* ¶ 15. He also reported that Steinberg threated to "rip his balls off," which he thought was an assault. *Id.* ¶ 16.

Plaintiff claims that Steinberg told one of Plaintiff's new co-workers that Plaintiff was a "pot head" and that he "smoked pot before work." *Id.* ¶ 17. The FAC alleges that Steinberg "had no basis" for these claims. *Id.* ¶ 18.

Following Plaintiff's termination, Defendants failed to pay Plaintiff the piece-rate wages he was owed ($3,500), nor did they compensate him for any non-productive time, rest breaks and meal brakes. *Id.* ¶ 22. Plaintiff also alleges that Defendants did not inform him or any of the other Picc Nurses that they could take meal or rest breaks, nor did Defendants provide them with pay statements. *Id.* ¶¶ 24, 25.

In February 2016, Plaintiff's attorney requested personnel records from Picc Lines but did not receive any. *Id.* ¶¶ 26, 27. In April, Plaintiff's attorney gave written notice to the Labor and Workforce Development Agency and Picc Lines Plus of the provisions of the Labor Code alleged to have been violated; the Agency did not provide notice that it intended to investigate those violations. *Id.* at ¶¶ 28, 29.

Based on these allegations, Cordell brings ten causes of action, as discussed below. Defendants seek to dismiss the entire complaint and to strike certain requests for damages.

# I.   MOTION TO DISMISS

## A.   Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 547, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Such a showing "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545, 555.

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted). Dismissal of claims that fail to meet this standard should be with leave to amend, unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1296, 1298 (9th Cir. 1998).

## B.   Discussion

Defendants filed the instant motion to dismiss on July 12, 2016.  Docket No. 19. Defendants move to dismiss all claims in the FAC. The Court will first address some overarching issues and then turn to Defendants' arguments for dismissal of each claim.

United States District Court
Northern District of California

United States District Court
Northern District of California

1.  **Defendants' Extrinsic Evidence**

In their motion to dismiss for failure to state a claim under Rule 12(b)(6), Defendants include a declaration by Defendant Steinberg and a large number of exhibits. Mot. at 3; Steinberg Decl., Exh. A-M. They argue that the Court should consider this evidence, convert the present motion into a Rule 56 motion for summary judgment, and give Plaintiff an opportunity to respond. Reply at 1. In the alternative, they ask the Court to review the extrinsic evidence on the basis that it is "central to Plaintiff's claim" or "sufficiently referred to in the complaint." *Id.* at 1-2. Plaintiff opposes both requests and submits that arguments based on the extrinsic evidence lack merit. Opp'n at 13.

As stated above, in considering a motion to dismiss, the Court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff. Ordinarily, any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). The Court sees no reason to depart from this well-settled principle of civil procedure by converting the present proceeding into one for summary judgment.

Similarly, the Court is not persuaded by Defendants' second argument for admission of the extrinsic evidence. Even though in some circumstances a defendant may introduce extrinsic evidence on a motion to dismiss, none of those circumstances are present here.

A court may consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Here, the documents offered are not attached to the complaint, nor are they matters appropriate for judicial notice. Defendants contend that the documents should essentially be incorporated by reference because they are "central to plaintiff's claim" or

United States District Court
Northern District of California

"sufficiently referred to in the complaint." Reply at 1. Their reliance on *Watterson v. Page*, a First Circuit case, for this proposition is misguided because in *Watterson*, the admitted documents were offered by the *plaintiffs* as part of their opposition to a motion to dismiss, not by the defendants. *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993). Further, Defendants fail to show how any of the documents they seek admission of were extensively referred to in the complaint or formed the basis of Plaintiff's claim. *See Van Buskirk*, 284 F.3d at 980; *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Their attempt to cite to Steinberg's declaration and unauthenticated copies of text messages for the truth of the matter asserted is improper on a Rule 12(b)(6) motion.

As a result, the Court declines to consider Steinberg's declaration and the attached exhibits, limiting its review to the four corners of the complaint.

### 2.  Plaintiff's Employment Status

Defendants seek dismissal of nearly all claims for relief in the FAC based on the assertion that Plaintiff was an independent contractor for Picc Lines Plus, not an employee. Mot. at 1, 6, 11-18. They rely on evidence outside the pleadings to show that Plaintiff was able to choose which "picc" jobs to take, as well as when and how to perform them. Mot. at 11-18. As discussed above, this evidence will not be considered in the present proceeding. Further, contrary to what Defendants claim, Plaintiff's employment status is an issue of fact that cannot be decided on a Rule 12(b)(6) motion. *See Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 530-32 (2014). The only remaining question is whether Plaintiff has alleged enough facts to state a plausible claim that he was an employee of Picc Lines Plus and could, therefore, avail himself of the benefits and protections of the California Labor Code.

An employment relationship must exist in order for provisions of the Labor Code governing wages, hours, and working conditions to apply. *See* 8 Cal. Code Reg. §§ 11010-11160. No such relationship exists where the person performing the services is an

independent contractor. *See e.g.*, *Ali v. L.A. Focus Publication*, 112 Cal. App. 4th 1477 (2003), disapproved of by *Reid v. Google, Inc*., 50 Cal. 4th 512 (2010). An independent contractor is "any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." Cal. Lab. Code § 3353. The most important factor in determining whether an individual is an employee or an independent contractor is the right to control the manner and the means of accomplishing the result required.[1]  *Ayala*, 59 Cal. 4th at 531. Strong evidence in support of an employment relationship is the right to discharge at will, without cause. *Id*. The parties' label is not dispositive and will be ignored if their actual conduct establishes a different relationship. *See S. G. Borello  & Sons Inc. v. Dept. of Industrial Relations*, 48 Cal. 3d 341, 349 (1989). Each service relationship must be evaluated on its facts. *Id.* at 354; *see Ruiz v. Affinity Logistics Corp*., 754 F.3d 1093, 1100 (9th Cir.), cert. denied, 135 S. Ct. 877 (2014).

Here, Plaintiff alleges that Defendants controlled the time and location of the services he provided by dispatching him to various hospitals. FAC ¶ 10. He also claims that they provided him with the tools and instrumentalities of his work, such as medical equipment and the use of a company car. *Id.* ¶ 10. Lastly, he claims that he was terminated on May 23 or 24, 2015. *Id.* ¶ 19. These facts are sufficient to state a plausible claim that he was an employee, and thus the Court will not dismiss any of Plaintiff's claims on the basis that he was an independent contractor.

---

[1] Other factors the Court may take into account include: "(a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee." *Ayala,* 59 Cal. 4th at 532.

### 3.  Wrongful Termination in Violation of Public Policy

Plaintiff claims that he was wrongfully terminated by Picc Lines Plus in violation of the public policy espoused in Labor Code section 1102.5(b). FAC ¶ 31. He alleges that he had an "at-will employment status with defendants;" that "at various points while working for Defendants, Plaintiff reported to Steinberg's business partner, Peter Doskey, that he was not being paid properly;" and that he also reported Steinberg's threats. *Id.* ¶¶ 15, 16. Plaintiff claims that he was terminated in May 2015 in retaliation for reporting misconduct to Doskey. *Id.* ¶ 19.

Defendant Picc Lines Plus moves to dismiss on the grounds that internal reporting does not constitute a violation of the Labor Code, and alternatively, that Plaintiff was not terminated in violation of public policy. Mot. at 4-6.

As discussed below, the Court finds that Plaintiff has stated a claim for violation of Labor Code section 1102.5(b). The question now before the Court is whether Plaintiff has alleged enough facts to state a plausible claim that his termination contravened public policy and was not simply a matter of a private interest between him and his employer, even if it implicated section 1102.5(b).

In California, an employer may generally terminate an employee "at will" or without cause. *Stevenson v. Superior Court*, 16 Cal. 4th 880, 887 (1997). An exception to this general rule is that "[a]n employer may not discharge an at will employee for a reason that violates fundamental public policy." *Id*. In order to state a claim for wrongful termination in violation of fundamental public policies, four requirements must be met:

> First, the policy must be supported by either constitutional or statutory provisions. Second, the policy must be 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual. Third, the policy must have been articulated at the time of the discharge. Fourth, the policy must be 'fundamental' and 'substantial.'

*Id*. at 889-90; *Nordstrom v. U.S. Bank, N.A., Inc.*, 2011 WL 5150010, at *3 (S.D. Cal. Oct. 28, 2011).

Applying this standard to the factual allegations here, it becomes clear Plaintiff's claim falls short. Even though Plaintiff meets the first requirement that his claim be

7

supported by a constitutional or statutory provision (here, a violation of section 1102.5(b)), he does not allege enough facts to show that his discharge affected public policy. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 669 (1988) ("even where, as here, a statutory touchstone has been asserted, [courts] must still inquire whether the discharge is against public policy and affects a duty which inures to the benefit of the public at large rather than to a particular employer or employee"); *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 75 (1998) ("not all statutes (or constitutional provisions) will support a *Tameny* claim. 'Many statutes simply regulate conduct between private individuals, or impose requirements whose fulfillment does not implicate fundamental public policy concerns.'") (quoting *Foley*, 47 Cal. 3d at 669).

Past decisions recognizing a tort action for discharge in violation of public policy seek to protect the public by protecting an employee who refuses to commit a crime (*Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980)), who exercises a constitutional or statutory right, such as the right to join a union or choose a bargaining representative (*Glenn v. Clearman's Golden Cock Inn, Inc.*, 192 Cal. App. 2d 793), or who reports illegal, unethical or unsafe practices for the benefit of the public (*Green*, 19 Cal. 4th at 73-74).

Plaintiff does not allege an equivalent public interest that would prevent his discharge in the present case. In fact, he fails to articulate any public policy at all other than the "public policy expressed in Labor Code section 1102.5". FAC ¶ 31. Generally citing section 1102.5 is insufficient. Plaintiff must articulate how exactly his termination in retaliation for the internal reports that he made affected "society at large." *See Gantt*, 1 Cal. 4th at 1090. Lastly, the allegations in the FAC also fail to meet the third and fourth requirements articulated by the *Stevenson* court. *See Stevenson*, 16 Cal. 4th at 889-890.

Accordingly, Defendant's motion to dismiss Plaintiff's first claim is GRANTED WITH LEAVE TO AMEND.

United States District Court
Northern District of California

### 4.   Violation of Whistleblower Protection

Plaintiff's second claim for relief alleges a violation of California's whistleblower

protection statute. California Labor Code section 1102.5(b) provides:

> An employer, **or any person acting on behalf of the employer**, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, **to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance**, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Cal. Lab. Code § 1102.5(b) (emphasis added)

Defendants argue that Labor Code section 1102.5 only protects employees who

report violations to governmental or law enforcement agencies. Mot. at 6. Plaintiff

correctly points out that the statute was amended in 2013, effective January 1, 2014, to add

protections for employees who report internally within a company or organization. Stats.

2013, Ch. 781 (S.B. 496), § 4.1. Even though neither Plaintiff nor Defendants are able to

provide authority for their interpretations of the Code as amended, the Court will rely on

the plain language of the statute and affirm that protection under section 1102.5(b) is, in

fact, available to employees who report internally to supervisors or to other employees

with authority to investigate alleged misconduct. *See Caminetti v. United States*, 242 U.S.

470, 485 (1917) ("Where the language is plain and admits of no more than one meaning,

the duty of interpretation does not arise ….")

Reviewing the allegations in the FAC in a light most favorable to the non-moving

party, the Court finds that Plaintiff has stated a plausible claim against both Defendants.

First, Plaintiff shows that he engaged in protected activity by disclosing information that

he reasonably believed was a violation of a statute, rule or regulation: that Cordell was not

paid properly and in a timely manner (a possible violation of the Labor Code) and that he

1    was threatened by Steinberg, a threat that he believed rose to the level of an assault. FAC

2    ¶¶ 15, 16. Second, he claims that as a result of this disclosure he was terminated on May

3    23 or 24, 2015. *Id.* ¶ 19. Both the retaliatory action and the acts that constitute its basis

4    took place between October 2014 and May 2015, well after the amendment to section

5    1102.5(b) became effective. Plaintiff has stated a plausible claim against his alleged

6    employer Picc Lines Plus.

7          Defendants next argue that the claim should be dismissed as to Defendant Steinberg

8    because Steinberg was not Plaintiff's employer. Mot. at 6. Plaintiff responds that he is not

9    seeking to hold Steinberg liable as Plaintiff's employer but as a "person acting on behalf of

10   the employer" as provided in Labor Code section 1102(b). Opp'n at 18. At oral argument,

11   both parties admitted that they could find no cases holding persons acting on behalf of

12   employers personally liable for the retaliatory actions of their employers.

13         The Court holds that the plain language of the statute allows individuals acting on

14   behalf of their employers to be held liable. If this was not true, the Legislature's

15   amendment in 2013 adding "or any person acting on behalf of the employer" would be

16   futile. Stats. 2013, Ch. 732 (A.B. 263), § 6. In addition, the Court finds persuasive the

17   reasoning of *Turner v. City & Cty. of San Francisco* that individuals within a company

18   who are sufficiently involved in an employee's retaliatory termination can be held liable

19   under section 1102.5(b). *See Turner v. City & Cty. of San Francisco*, 892 F. Supp. 2d

20   1188, 1205 (N.D. Cal. 2012) (concluding that an employee of San Francisco's Department

21   of Public Works had stated a plausible claim for relief under section 1102.5(b) against the

22   Director and the Manager of the Department, not just against the Department).

23         Here, Plaintiff alleges that Defendant Steinberg is the person responsible for hiring

24   and firing Picc Nurses like himself. FAC ¶ 9. If Plaintiff reported misconduct to Doskey,

25   Steinberg's partner, it would be reasonable to infer that Steinberg could have learned of

26   those accusatory reports and retaliated against Plaintiff by discharging him. *Id.* ¶ 15. Given

27   Steinberg's participation in the potentially retaliatory action, the Court finds that the

28   Plaintiff has stated a claim under section 1102.5(b) against Steinberg.

United States District Court
Northern District of California

1    For the foregoing reasons, Defendant's motion to dismiss Plaintiff's second claim is

2    DENIED.

3

4                    **5.  Defamation**

5    Plaintiff next claims that Steinberg defamed him and that Picc Lines Plus is liable

6    for Steinberg's defamatory conduct. FAC ¶¶ 35, 36. According to Plaintiff, the conduct

7    underpinning this claim is that Defendant Steinberg told one of Plaintiff's "new co-

8    workers" that: (1) Plaintiff was a "pot head;" and (2) that Plaintiff "smoked pot before

9    carrying out his work for Picc Lines Plus LLC." *Id*. ¶ 17.

10    Defendants move to dismiss on the basis that Plaintiff has not alleged enough facts

11   to state a claim for defamation. Mot. at 7-11. In addition, they argue that the first statement

12   is a non-actionable opinion and that the second is protected by the common interest

13   privilege. *Id*. at 9-10.

14    Defamation is the publication of a false statement of fact which is unprivileged and

15   has a natural tendency to injure or causes special damage. *Burrill v. Nair*, 217 Cal. App.

16   4th 357, 382 (Cal. Ct. App. 2013). Defamation is effected either by libel or by slander. Cal.

17   Civ. Code § 44. Under California law, slander is defined as:

18           a false and unprivileged publication, orally uttered which: (1)
             charges any person with crime, or with having been indicted,
19           convicted, or punished for crime; (2) imputes in him the
             present existence of an infectious, contagious, or loathsome
20           disease; (3) tends directly to injure him in respect to his office,
             profession, trade or business, either by imputing to him general
21           disqualification in those respects which the office or other
             occupation peculiarly requires, or by imputing something with
22           reference to his office, profession, trade, or business that has a
             natural tendency to lessen its profits; (4) imputes to him
23           impotence or a want of chastity; or (5) which, by natural
             consequence, causes actual damage.

24   Cal. Civ. Code § 46.

25    The first four types of statements enumerated in this section constitute slander per

26   se. *Regalia v. Nethercutt Collection*, 172 Cal. App. 4th 361, 368 (Cal. Ct. App. 2009). A

27   statement that is slander per se does not require proof of actual damages. *Duste v. Chevron*

28   *Products Co*., 738 F. Supp. 2d 1027, 1041 (N.D. Cal. 2010) (holding that if a defamatory

*United States District Court*
*Northern District of California*

1    statement falls within the first four categories of California Civil Code section 46, no

2    actual damages need to be pleaded).

3           Here, Plaintiff has pleaded enough facts to state a plausible claim for slander with

4    respect to both alleged statements. He alleges that the accusatory statements about him

5    using marijuana were false in that there was "no basis" for them. He also alleges that the

6    defamatory statements were oral. FAC ¶¶ 17, 18. At this stage he need not allege the name

7    of the recipient of the statements because specifying that the recipient was "one of

8    Cordell's new co-workers" gives Defendants fair notice of the grounds upon which the

9    claim rests. *Id.* ¶ 17.

10          In addition, both statements tend to charge Plaintiff with a crime—consumption of

11   marijuana, which is a federal offense. *See In re Peck*, 295 B.R. 353 (B.A.P. 9th Cir. 2003)

12   (stating that damage to one's reputation is presumed from a false charge of a crime). They

13   also tend to injure him with respect to his profession by imputing to him potentially

14   disqualifying conduct—performing his duties as a registered nurse while under the

15   influence of a narcotic. *See Garcia v. City of Merced*, 637 F. Supp. 2nd 731 (E.D. Cal

16   2008) (holding that imputing dishonesty or lack of ethics to an attorney is actionable as

17   slander per se because of the probability of damage to professional reputation); *Savage v.

18   Pacific Gas & Electric Co*., 21 Cal. App. 4th 434 (1993) (charging journalist with conduct

19   that was generally regarded as unethical under accepted journalist standards would have

20   tendency to cause professional injury). Since the statements fall within the purview of

21   California Civil Code section 46, they are actionable as slander per se, and Plaintiff is not

22   required to plead actual damages.

23          Defendants next argue that the first allegedly defamatory statement—that Steinberg

24   told Cordell's co-worker that Cordell was a "pot head" —is not actionable because it

25   constitutes a mere opinion. Mot. at 9. The Court disagrees. The statement might be

26   actionable because it tends to imply a false assertion of fact—that Plaintiff consumes

27   marijuana. *See Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (1995). To make the

28   determination of whether the statement is an actionable fact or a non-actionable opinion,

1 │ the Court would have to employ a "totality of the circumstances" test, taking into account

2 │ the context in which the statement was made among other factors. *See Baker v. Los*

3 │ *Angeles Herald Examiner*, 42 Cal. 3d 254, 260-61 (1986). Considering that this type of

4 │ fact-specific inquiry is not appropriate on a motion to dismiss and that the Court must

5 │ make all reasonable inferences in favor of the plaintiff, the Court finds that Plaintiff has

6 │ alleged enough facts to show that the first statement is actionable as slander per se.

7 │      Lastly, Defendants argue that Steinberg's second allegedly defamatory statement—

8 │ that Cordell smoked pot before work—is protected by the common interest privilege. Mot.

9 │ at 10-11. They cite to a number of cases holding that employers possess a qualified

10 │ privilege to "discuss concerns regarding employees with other employees in the

11 │ employer's organization" as long as the statements made were "on a matter of common

12 │ interest"[2] *See e.g., Williams v. Salvation Army*, 2014 U.S. Dist. LEXIS 168963, pg. 7.

13 │ Consequently, they contend, Steinberg maintained a privilege to discuss concerns over the

14 │ smoking of marijuana with other nurses working for Picc Lines Plus.

15 │      While it is true that an employer has a privilege to communicate, without malice,

16 │ with persons who have a "common interest" in the subject matter of the communication,

17 │ the Court is not convinced purely based on the allegations in the FAC that the rationale

18 │ behind the common interest privilege is met here. Cal. Civ. Code § 47(c); *see Manguso v.*

19 │ *Oceanside Unified School Dist.*, 153 Cal. App. 3d 574, 580 (1984) (an employer's

20 │ communication regarding the qualifications of a teacher directed to prospective employers

21 │ is subject to a qualified privilege); *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th

22 │ 426, 440 (2007) ("because an employer and its employees have a common interest in

23 │ protecting the workplace from abuse, an employer's statements to employees regarding the

24 │

25 │ ──────────────

26 │ [2] The common law privilege of common interest was codified in California Civil Code section 47(c), which states that a privileged broadcast is one made in "a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by

27 │ one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by

28 │ the person interested to give the information." Cal. Civ. Code § 47(c).

United States District Court
Northern District of California

United States District Court
Northern District of California

reasons for termination of another employee generally are privileged"). The alleged defamatory conduct here is unlike the conduct in *Manguso*, where the statements were made by former employers to potential new employers of the plaintiffs. *See Manguso*, 153 Cal. App. 3d at 580. Nor is the conduct here analogous to the conduct in *King* where an employer told employees why plaintiff was terminated by way of warning. *See King*, 152 Cal. App. 4th at 440. Steinberg allegedly told one of Plaintiff's new co-workers, not a future employer, about Plaintiff's marijuana consumption over a month before Plaintiff was terminated, not after termination with the goal of explaining why the termination took place. Reviewing the complaint in the light favorable to the non-moving party, the Court finds that Plaintiff has stated a claim that the statements were false, defamatory, unprivileged, and have a tendency to naturally injure.

Defendants fail to assert that, in the event that the Court finds that Plaintiff has stated a claim for defamation, Defendant Picc Lines Plus should not be held vicariously liable for the defamatory conduct of their employee Steinberg. Having considered the parties' arguments, the Court holds that Defendants' motion to dismiss Plaintiff's third claim for relief is DENIED.

### 6. Nonpayment of Wages

Plaintiff claims Defendants failed to pay him all earned wages in violation of California Labor Code section 201 (a). FAC ¶¶ 37-38. He alleges that he "was owed $3,500 in piece-rate wages at the time of his termination." *Id*. ¶ 22. He also asserts that "Defendants did not pay Cordell any of these owed wages, nor any wages for Cordell's time on the job in between insertions … and for rest and meal periods, on Cordell's last day of work, nor have they paid any of these owed wages since then." *Id*.

Defendants argue that, as an independent contractor, Plaintiff is not entitled to the protections of section 201 of the Labor Code. Mot. at 11-18. As stated above, the Court will not dismiss Plaintiff's claims on this basis alone. Defendants also request dismissal of claims under the Labor Code against Steinberg because, they contend, he was not

14

1    Plaintiff's "employer" and cannot be held individually liable for the wrongful conduct of

2    Picc Lines Plus. Mot. at 11.

3          For purposes of the California Labor Code, courts are instructed to use the

4    definition of "employer" found in the Industrial Welfare Commission's wage orders. *See*

5    *Martinez v. Combs*, 49 Cal. 4th 35, 59-61 (2010) (requiring judicial deference to IWC's

6    authority and orders regulating wages, hours and working conditions in California).

7    Accordingly, an "employer" is any person or legal entity "who directly or indirectly, or

8    through an agent or any other person, employs or exercises control over the wages, hours,

9    or working conditions of any person." Wage Order No. 4-2001(2)(H); 8 Cal. Code Reg.

10   § 11050(2)(H). The California Supreme Court has made clear that this wage order

11   definition of "employer" does not impose individual liability on corporate agents acting

12   within the scope of their agency. *See Martinez*, 49 Cal. 4th at 66.

13         The parties agree that if Steinberg was a corporate agent of Picc Lines Plus, he

14   could not be held individually liable for the violations of the company under the Labor

15   Code. Plaintiff, however, claims that Steinberg should not be considered a corporate agent

16   because he was the "owner" of the company and because Picc Lines Plus is a Limited

17   Liability Corporation, not a regular corporation. Those arguments are without merit. As a

18   recent amendment to the Labor Code demonstrates, owners, directors, officers and

19   managing agents of the employer are treated similarly for purposes of the wage and hour

20   provisions of the Labor Code. [3] Thus, even if Steinberg was an "owner" of the LLC, as

21   alleged in the FAC, he could not be held individually liable for violations of the Labor

22   Code unless the violated code provisions specifically impose liability on "persons acting

23

24   _____

     [3] In 2015, the Legislature passed a new law called the "A Fair Day's Pay Act," which
25   imposed liability for wage and hour violations to persons acting on behalf of the employer.
     Cal. Lab. Code § 558.1. The law entered into effect after the alleged violations in the
26   present case took place. The Court introduces the amendment here to show that by
     imposing liability on "owners, directors, officers, or managing agents of the employer,"
27   where there was none before, the Legislature affirmed that those individuals receive equal
     treatment for purposes of individual liability under the Labor Code. Cal. Lab. Code §
28   558.1(b).

United States District Court
Northern District of California

on behalf of the employer." *See id.*; *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005). Labor Code section 201 only applies to employers so Steinberg cannot be held liable. Because "it is clear … that the complaint could not be saved by amendment," dismissal is with prejudice. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2004) (per curiam).

Accordingly, the present motion to dismiss is DENIED as to Defendant Picc Lines Plus and GRANTED WITH PREJUDICE as to Defendant Steinberg.

### 7.  Waiting Time Penalty For Nonpayment of Wages

Defendants repeat the same arguments for removal as with Plaintiff's claim for nonpayment of wages: Plaintiff is an independent contractor not entitled to protections of Labor Code sections 203 and 218, and, in the alternative, Steinberg is not individually liable for those violations. Mot. at 11-18, Reply at 7.

Labor Code section 203 imposes a penalty on employers for failure to pay wages owed upon discharge. As an "owner" of Picc Lines Plus, Steinberg is treated similarly to a corporate agent; he is not an "employer" within the meaning of the Labor Code and cannot be held individually liable for a violation of section 203. *See Martinez*, 49 Cal. 4th at 66. Defendants' motion to dismiss Plaintiff's fifth claim is therefore DENIED as to Picc Lines Plus and GRANTED WITH PREJUDICE as to Steinberg.

### 8.  Failure to Make Meal and Rest Periods Available

Plaintiff alleges that Defendants failed to make meal and rest breaks available to their employees. FAC ¶¶ 41-42. Defendants attempt to bring in extrinsic evidence to show that Plaintiff took significant rest periods, during which he may have eaten. Mot. at 18-19. Excluding the improper evidence, the only other basis for dismissal is lack of sufficient allegations to state a claim under the statutes at issue. *Id.*

Labor Code section 512 requires employers to provide meal periods of 30 minutes if an employee works more than five hours per day, or unless waived by mutual consent. 8

16

Cal. Code Reg. § 11050(2) requires an employer to provide 10-minute rest periods for every four hours worked.

Plaintiff claims that Defendants "never informed Cordell and other Picc Nurses that they were entitled to meal or rest breaks" and that they "failed to make" those breaks available. FAC ¶¶ 24, 42. However, Plaintiff does not allege how many hours he had to work without meal or rest breaks. Since the statutes require employers to offer breaks only to employees working a certain number of hours and Plaintiff fails to allege that he falls within the category of employees that the statutes apply to, he has not alleged enough facts to state a plausible claim.[4] Further, both statutes only impose liability on employers, not their agents.

Defendants' motion to dismiss Plaintiff's sixth claim is GRANTED WITH LEAVE TO AMEND as to Picc Lines Plus and GRANTED WITH PREJUDICE as to Steinberg.

### 9.  Failure to Provide Pay Statements

Plaintiff alleges that Defendants failed to provide him and other aggrieved employees with pay statements, as required by California Labor Code section 226(e). FAC ¶ 44. Defendants rely on extrinsic evidence to argue that Plaintiff had the opportunity to receive pay statements and had, in fact, created invoices himself. Mot. at 19-20. They also argue that the FAC does not allege that employer's failure to provide personnel records was knowing and intentional. Reply at 10.

As discussed above, the Court will not entertain the extrinsic evidence Defendants offer. Further, Defendants are misguided in their reference to personnel records because the alleged violation is based on section 226(e), which provides the penalty for failure to furnish employees with pay statements, not failure to allow employees to inspect records.

---

[4] The parties also dispute whether Plaintiff should have been paid for rest periods. That determination turns on whether Plaintiff was an employee or independent contractor and is irrelevant to the Court's ruling on the present motion to dismiss Plaintiff's sixth claim for relief.

United States District Court
Northern District of California

The Court finds that Plaintiff has stated a claim for relief under section 226(e) against Picc Lines Plus, but not against Steinberg since he cannot be personally held liable as an "employer" under this section of the Labor Code. Defendants' motion to dismiss is DENIED as to Picc Lines Plus and GRANTED WITH PREJUDICE as to Steinberg.

### 10.  Failure to Maintain Payroll Records

Plaintiff claims that Defendants failed to maintain payroll records in violation of Labor Code section 1174(d). FAC ¶ 46. Defendants argue that the claim fails as a matter of law because section 1174(d) does not contemplate a private cause of action. Mot. at 20-21.

The Court sides with Defendants. The plain language of section 1174 suggests that employers must maintain records for inspection by the Labor Commission, not by individual employees. *See* Cal. Lab. Code § 1174(a) ("the reports and information shall be verified if required by the commission or any member thereof."); § 1174(b) ("Allow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business…"); § 1174(d) ("These records shall be kept in accordance with rules established for this purpose by the commission…"). Section 1174.5, which provides the punishment for violations of section 1174, imposes "a *civil penalty* of five hundred dollars." Cal. Lab. Code § 1174.5 (emphasis added). Rights of action for civil penalties under the Labor Code generally arise under the California Private Attorney General Act ("PAGA"), not under the Labor Code directly. *See Thomas v. Home Depot USA*, Inc., 527 F. Supp. 2d 1003, 1006-07 (N.D. Cal. 2007) (citing *Caliber Bodyworks v. Super. Ct*., 134 Cal. App. 4th 365 (2005)); *see also Cleveland v. Groceryworks.com, LLC*, 2016 WL 4140504, at *22 (N.D. Cal. Aug. 4, 2016). Plaintiff therefore has no private right of action directly under the Labor Code for violation of section 1174(d).

Accordingly, Defendants' motion to dismiss Plaintiff's eight claim is GRANTED WITH PREJUDICE.

United States District Court
Northern District of California

**11.  Civil Penalties Sought Under the Private Attorney Generals Act**

In his ninth claim, Plaintiff requests civil penalties under PAGA on behalf of himself and other aggrieved employees. FAC ¶¶ 47-52. He alleges that he followed the procedure required by Labor Code section 2699.3 before bringing suit in district court. He gave written notice to the Labor and Workforce Development Agency (LWDA) and Picc Lines Plus of the alleged violations; the LWDA did not inform him that within 33 days that it intended to investigate the alleged violations. *Id.* ¶¶ 28, 29.

In cases where the LWDA declines to investigate an alleged labor law violation or issue a citation, an aggrieved employee may commence a PAGA action against an employer personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir.), cert. denied, 135 S. Ct. 870 (2014).

Here Plaintiff alleges violations of Labor Code sections 226.3, 558, 1174.5, 1197.1. FAC ¶¶ 47-52. Defendants mistakenly believe that Plaintiff is bringing a claim under the entire Private Attorney Generals Act likely because of the heading he uses to title his ninth claim in the FAC. Mot. at 21-22. While the heading is inaccurate, Plaintiff has clarified that he is only seeking civil penalties for violations of the Labor Code provisions that he enumerates. Opp'n at 23. Since Defendants do not state any other cause for dismissal, Defendants' motion to dismiss this claim is DENIED.

**12.  Failure to Permit Inspection of Personnel Records**

Plaintiff bases his last claim for relief on Labor Code section 1198.5(k). He alleges that his attorney requested his personnel records on February 22, 2016, Defendants received the request and failed to respond within 30 days, as required by section 1198.5(b)(1). FAC ¶¶ 28, 29. Defendants attempt to bring in extrinsic evidence to show that Defendants tried to comply with the statute. Mot. at 22. Since Defendants' only argument for dismissal is based on improper evidence and since Plaintiff has alleged

1   sufficient facts to state a plausible claim for relief under section 1198.5(k), the Court

2   DENIES Defendants' motion to dismiss as to Picc Lines Plus.

3       Section 1198.5(k) imposes obligations on employers only. As discussed above,

4   Steinberg is not Plaintiff's employer for purposes of the Labor Code. Defendants' motion

5   to dismiss Plaintiff's final claim is thus GRANTED WITH PREJUDICE as to Steinberg.

6

7   **II.   MOTION TO STRIKE**

8       **A.   Legal Standard**

9       Federal Rule of Civil Procedure 8(b)(3) requires a party to state "a demand for the

10  relief sought, which may include relief in the alternative or different types of relief." Rule

11  12(f) permits a court to "strike from a pleading ... any redundant, immaterial, impertinent,

12  or scandalous matter." Fed. R. Civ. P. 12(f). A matter is immaterial if it "has no essential

13  or important relationship to the claim for relief or the defenses being pleaded." *Fantasy,*

14  *Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517

15  (1994). A matter is impertinent if it consists of statements that do not pertain to and are not

16  necessary to the issues in question. *Id*. Redundant allegations are those that are wholly

17  foreign to the issues involved or the needless repetition of allegations. *Sliger v. Prospect*

18  *Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).

19      A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money

20  that must arise from litigating spurious issues by dispensing with those issues prior to

21  trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Granting a

22  motion to strike may be proper if it will eliminate serious risks of prejudice to the moving

23  party, delay, or confusion of the issues. *Fantasy*, 984 F.2d at 1527-28. However, motions

24  to strike are generally disfavored and "should not be granted unless the matter to be

25  stricken clearly could have no possible bearing on the subject of the litigation." *Platte*

26  *Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations

27  omitted). If there is any doubt whether the challenged matter might bear on an issue in the

28  litigation, the motion to strike should be denied, and assessment of the sufficiency of the

United States District Court
Northern District of California

20

allegations left for adjudication on the merits. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970 (9th Cir. 2010).

### B.  Discussion

#### 1.  Claims for Punitive Damages

Defendants move to strike Plaintiff's claim for punitive damages on the ground that Plaintiff failed to plead with specificity what facts constitute "oppression, fraud or malice" under California Civil Code section 3294. Mot. at 22-24. They argue that conclusory characterizations of Defendants' conduct as intentional, willful, and fraudulent are insufficient. *Id*. at 23. Plaintiff responds that he has pleaded enough facts to show that Steinberg acted with malice when he harassed Plaintiff and that Steinberg committed fraud when he made misrepresentations about Plaintiff's marijuana use. Opp'n at 24.

As an initial matter, both parties apply the wrong standard for evaluating the sufficiency of Plaintiffs' pleadings in federal court. In state court, a plaintiff must plead facts to support the conclusion that the defendant acted with malice, fraud, or oppression in order to state a claim for punitive damages. Cal. Civ. Code § 3294(a). The same level of specificity is not required in federal court. "Although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal court." *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal.2000). Under Federal Rule of Civil Procedure 9(b), "malice, intent, knowledge, and other conditions of the mind may be alleged generally." In federal court, "a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Clark*, 106 F. Supp. 2d at 1019; *see also Somera v. Indymac Fed. Bank, FSB*, 2010 WL 761221 (E.D. Cal. Mar. 3, 2010) ("Under federal pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit."); *but see Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d

1132, 1147 (E.D. Cal. 2010) (rejecting conclusory allegations of malice, fraud or oppressions as not reflecting pleading regime under *Twombly* and *Iqbal*).

Here, Plaintiff alleges that "Defendant Steinberg engaged in conduct with malice, oppression or fraud," incorporating facts in the FAC that suggest hostile and oppressive behavior. His averment of malice is sufficient to support a request for punitive damages under California Civil Code section 3294(a) in federal court on a motion to strike.

Defendants also seek to strike Plaintiff's request on the basis that the complaint does not adequately plead the requirements for punitive damages against the company, Picc Lines Plus. Mot. at 22-24.

California Civil Code section 3294(b) provides that a plaintiff may recover punitive damages against an employer for acts of its employees only where "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b). Federal courts have reached different conclusions on the question of whether plaintiffs are required to plead employer's authorization or ratification of allegedly wrongful conduct to survive motions to strike punitive damages. *Compare McMurray v. Merck & Co., Inc.*, 2007 WL 1456042, at *2 (N.D. Cal. 2007) (striking punitive damages where plaintiff failed to specifically plead authorization or ratification), *with Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1066 n. 13 (C.D. Cal. 2009) (holding that the court could assume on a motion to strike that employee's conduct was authorized by his superiors).

Here, the FAC alleges that the "conduct constituting malice, oppression, or fraud was committed by Scottie Steinberg, an officer, director, or managing agent of defendant Picc Lines Plus LLC, who acted on behalf of Picc Lines Plus LLC." FAC ¶ 57. Viewing the pleading in the light most favorable to the non-moving party, the Court finds that the pleadings are sufficient even though Plaintiff does not plead Picc Lines Plus' authorization or ratification of Steinberg's conduct. The Court cannot conclude that Plaintiff's request

22

"has no essential or important relationship to the claim for relief." *See Fantasy*, 984 F.2d at 1527. Defendants' motion to strike the request for punitive damages is hereby DENIED.

### 2. Claims for Emotional Distress Damages

Defendants next seek to strike Plaintiff's prayer for general damages for emotional distress on the basis that Plaintiff's claim sound in negligence and therefore do not entitle Plaintiff to emotional distress relief absent a showing of physical injury. Mot. at 24; Reply at 13. Plaintiff alleges that he may recover emotional distress damages for his claims of wrongful termination, violation of Labor Code section 1102.5, and defamation. Opp'n at 25. Defendants respond by pointing out that the case that Plaintiff relies on for his claim that emotional distress damages are available for wrongful discharge—*Gantt v. Sentry Insurance*, 1 Cal. 4th 1083 (1992)—is distinguishable from the facts in the present action. Reply at 13.

Even if Defendants are correct that emotional distress damages may not be available in all situations where wrongful discharge is alleged, Plaintiff's other two bases for demanding punitive damages are sound and supported by law. Emotional distress damages are recoverable for violations of Labor Code section 1102.5(b). *See e.g., Gardenhire v. Housing Authority*, 85 Cal. App. 4th 236, 237, 240-41 (2000). Further, if Plaintiff succeeds in his slander per se claim against either or both Defendants, he is entitled to damages for injury to his feelings, including mental worry, distress, grief and mortification. *See In re Peck*, 295 B.R. at 366. Defendants have not met their burden under Rule 12(f) and their motion to strike emotional distress damages is DENIED.

### 3. Civil Penalties under PAGA

Lastly, Defendants seek to strike Plaintiff's prayer for "civil penalties under the Private Attorney General's Act" on the basis that under the Act Plaintiff may only recover 25% of those civil penalties. Mot. at 25. Plaintiff agrees with Defendants' contention that he may only recover 25% of civil penalties for violations of the Labor Code and that his

United States District Court
Northern District of California

United States District Court
Northern District of California

prayer was simply asserting his right to civil penalties. Opp'n at 25. Since the parties concur that Plaintiff may recover some amount from the total civil penalties recoverable under PAGA, Defendant's motion to strike the request for civil penalties is DENIED.

**CONCLUSION**

In accord with the above discussion, Defendants' motion to dismiss Plaintiff's Amended Complaint is GRANTED IN PART and DENIED IN PART. The motion to dismiss is GRANTED WITH LEAVE TO AMEND with respect to Plaintiff's first claim for wrongful termination in violation of public policy and his sixth claim for failure to provide meal and rest periods as against Picc Lines Plus. The motion is GRANTED WITH PREJUDICE as to Plaintiff's eight claim for failure to maintain payroll records, as well as Plaintiff's claims four, five, six, seven, and ten against Defendant Steinberg only. The motion is denied in all other respects.

Plaintiff may amend all claims dismissed without prejudice no later than **September 29, 2016**. Failure to file timely amendment will lead to dismissal of such claims with prejudice.

Lastly, Defendants' motion to strike Plaintiff's prayer for punitive damages, emotional distress damages, and civil penalties is DENIED.

**IT IS SO ORDERED.**

Dated:   09/08/16

_____

THELTON E. HENDERSON
United States District Judge