UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM CORDELL,

    Plaintiff,

    v.

PICC LINES PLUS LLC, et al.,

    Defendants.

Case No. 16-cv-01814-TEH

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

    Now before the Court is a motion by Plaintiff William Cordell ("Plaintiff") for leave to file a second amended complaint. Docket No. 20. This matter came before the Court on August 29, 2016 for a hearing. The Court heard argument on this motion, as well as on Defendants' Motion to Dismiss and Strike Plaintiff's First Amended Complaint. For the reasons set forth below, the Court GRANTS Plaintiff's Motion for Leave to Amend.

**BACKGROUND**

    As the parties are familiar with the facts and procedural history of the case, the Court addresses each with brevity. Plaintiff alleges that he was employed as a nurse at Picc Lines Plus, LLC, from October 2014 to May 23 or 24, 2015. First Am. Compl. ("FAC") ¶¶ 7, 19. He claims he was terminated in retaliation for reporting misconduct within the company. *Id.* ¶¶ 15, 16, 19, 30-34. On April 8, 20156, Plaintiff filed the instant action, alleging Defendants Picc Lines Plus and Scottie Steinberg violated his rights by terminating him in violation of public policy, violating California's whistleblower protection statute, defaming him, failing to pay him wages earned, failing to pay him wages owed within 30 days from last day of employment, failing to make meal and rest breaks available, failing to provide pay statements, and failing to maintain payroll records. Compl. ¶¶ 25-41. On May 12, 2016, Plaintiff filed an amended complaint, adding two

claims: one for recovery of civil penalties under the Private Attorney Generals Act (PAGA), and one for failure to permit inspection of personnel records. FAC ¶¶ 47-54.

On May 12, 2016, Plaintiff's counsel gave written notice to the Labor and Workplace Development Agency (LWDA) and Defendants of allegedly violated provisions of the Labor Code concerning non-productive time and rest period wages. Mot. at 3; Royer Decl. ¶ 10. The LWDA did not provide notice within 33 calendar days that it intended to investigate the alleged violations. Royer Decl. ¶ 12. On June 27, 2016, Plaintiff filed a motion for administrative relief in which he gave notice that he intended to file a motion for leave to file a second amended complaint. *Id.* ¶ 19.

On July 23, 2016, Plaintiff filed the present motion along with a Proposed Second Amended Complaint ("PSAC"). He seeks leave to add a PAGA claim based on Defendants' failure to pay Plaintiff and other Picc Nurses for non-productive time and rest periods. Mot. at 5; PSAC ¶ 53. Defendants filed their Opposition to the motion on August 2, 2016, and Plaintiff filed his Reply on August 12, 2016.

**LEGAL STANDARD**

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 advises the court that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these so-called *Foman* factors, prejudice is the weightiest and most important. *Eminence Capital, LLC v. Aspeon, Inc.*,

2

1  316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the
2  remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting
3  leave to amend." *Id*. (emphasis in original).

4  "The party opposing amendment bears the burden of showing prejudice." *DCD*
5  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Evaluation of the *Foman*
6  factors "should be performed with all inferences in favor of granting the motion." *Griggs*
7  *v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## DISCUSSION

Defendants urge the Court to deny Plaintiff's motion on the ground that amendment is futile. Opp'n at 2. The Court finds that Defendant has not demonstrated futility of amendment, prejudice or otherwise overcome the presumption in favor of granting leave to amend.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, Plaintiff's proposed amendment would add a new PAGA claim for Defendants' failure to pay Plaintiff and other Picc Nurses for non-productive time and rest periods. PSAC ¶ 53. Plaintiff has alleged facts that would constitute a sufficient claim: Plaintiff was an at-will employee (*Id*. ¶ 13), Plaintiff was paid piece-rate wages (*Id*. ¶ 21), Plaintiff was never compensated for time on the job in between insertions and for rest periods (*Id*. ¶ 22), other Picc Nurses were not paid for non-productive time or rest periods (*Id*. ¶ 23). Case law supports Plaintiff's argument that employees paid under a piece-rate system are entitled to separate compensation for non-productive work and for rest periods. *See Gonzalez v. Downtown LA Motors*, *LP*, 215 Cal. App. 4th 36, 40-41 (2013) (finding that automotive technicians paid on a piece-rate basis were "entitled to separate hourly compensation for time spent waiting for repair work or performing other non-repair tasks directed by the employer during their work shifts…"); *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 872 (2013)

1  (explaining that rest periods must be separately compensated in a piece-rate system, as
2  required by *Armenta v. Osmose, Inc*., 135 Cal. App. 4th 314, 323 (2005)).

3        Defendants argue that amendment is futile because "Plaintiff has failed to allege facts sufficient to constitute any claim for relief." Opp'n at 2. The Court disagrees. In ruling on Defendant's Motion to Dismiss, the Court held that Plaintiff has sufficiently pleaded most of the claims in the complaint. Adding one more claim under PAGA would not require Plaintiff to "completely change or falsify" any allegations, as Defendants assert. *See id*. The fact that the PSAC only adds one new factual allegation in paragraph twenty three (23) refutes Defendants' argument that amendment would "require Plaintiff to make things up." PSAC ¶ 23; Opp'n at 2.

      Further, the rest of the *Foman* factors also weigh in favor of granting leave to amend. First, Plaintiff has not acted in bad faith or unduly delayed the proceedings. The FAC was filed only 34 days after the original complaint. Second, amendment would not prejudice Defendants because amendment is occurring early in the proceedings and because Defendants had notice of Plaintiff's intention to add a new PAGA claim. Mot. at 5; Royer Decl. ¶¶ 10-12. Third, contrary to what Defendants imply, there has been no "repeated failure to cure deficiencies by amendments previously allowed." Opp'n at 2; *Sonoma Cnty. Ass'n of Retired Employees*, 708 F.3d at 1117. Plaintiff has only amended once as a matter of course.

      Accordingly, with good cause appearing, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint. The amended complaint shall be filed no later than **September 29, 2016**.

**IT IS SO ORDERED.**

Dated: 09/08/16

      THELTON E. HENDERSON
      United States District Judge

4